
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| CHARLOTTE JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 10-G-2443-M |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This cause is before the court upon the Commissioner's Motion to Dismiss, or in the alternative, for Summary Judgment. The court has elected to treat the motion as one for summary judgment, and the motion is now ripe for decision. The Commissioner argues that the plaintiff's complaint should be dismissed for lack of subject matter jurisdiction. The plaintiff's claim was denied administratively on March 3, 2009. Thereafter, the plaintiff filed an untimely written request for a hearing on June 3, 2009. That request was denied by ALJ Michael L. Levinson on July 29, 2009, because the request for hearing was untimely, and the plaintiff did not establish good cause for missing the deadline to request a hearing. The Commissioner argues, correctly, that such a dismissal does not constitute a "final decision" for purposes of judicial review under section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

It is clear that the decision from which the plaintiff seeks to appeal is not a "final decision" within the meaning of § 205(g). In <u>Califano v. Sanders,</u> 97 S. Ct. 980

(1977), the Court considered whether § 205(g) provided subject matter jurisdiction in the district court to review a final decision of the Commissioner not to reopen a previous claim of benefits:

> We agree that § 205(g) cannot be read to authorize judicial review of alleged abuses of agency discretion in refusing to reopen claims for social security benefits.
>
> The pertinent part of § 205(g) provides:
>
>> "Any individual after *final decision of the Secretary made after a hearing* to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days ...." (Emphasis supplied.)
>
> This provision clearly limits judicial review to a particular type of agency action, a "final decision of the secretary made after a hearing". But a petition to reopen a prior final decision may be denied without a hearing....

97 S. Ct. at 985-86.

In the present case, the plaintiff seeks review of the ALJ's dismissal of her request for a hearing. Because no hearing was held, § 205(g) does not grant this court jurisdiction to hear the plaintiff's appeal. However, the Court in Sanders recognized that in cases involving challenges to the Commissioner's decisions on constitutional grounds, § 205(g) affords jurisdiction even in the absence of a hearing. Id. at 986 ("[W]hen constitutional questions are in issue, the availability of judicial review is presumed, and we will not read a statutory scheme to take the 'extraordinary' step of foreclosing jurisdiction unless Congress' intent to do so is manifested by 'clear and convincing'

evidence."). Therefore, the question presented in the present case is whether the plaintiff has raised a colorable constitutional claim.

In the present case, the plaintiff argues in her Response to Defendant's Motion to Dismiss that on March 24, 2009, three weeks[1] after she received her March 3, 2009, denial letter, she received an epidural injection which gave her "severe complications," and was given a medicine "which caused extreme confusion" in the treatment of her migraine headaches. While the plaintiff argues that her medical condition is an extraordinary circumstance which merits the equitable tolling of her time limit to file a request for a hearing, the court concludes that plaintiff has raised no colorable constitutional claim that the Commissioner's actions have violated her due process rights. Accordingly, the Commissioner's motion for summary judgment is due to be granted.

An appropriate order will be entered contemporaneously herewith.

DONE and ORDERED 2 February 2011.

---
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.

---

[1] There has been no allegation by the plaintiff that she was incapacitated or suffering from severe complications during this time period.